UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:14-cr-269-SDM-CPT

EDGAR HURTADO-RAMIREZ,
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Edgar Hurtado-Ramirez, USM#: 35589-509, moves (Doc. 163) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offenses," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing

Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history point, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 22, 2021, Hurtado-Ramirez was sentenced under 18 U.S.C. §§ 1956 and 1957 to 121 months. Hurtado-Ramirez's total offense level was 31. Hurtado-Ramirez was assessed no criminal history point, and Hurtado-Ramirez's criminal history was category I. Hurtado-Ramirez's advisory sentencing range was 108–135 months, and Hurtado-Ramirez received a sentence approximately at the middle of the advisory range. The Bureau of Prisons reports that Hurtado-Ramirez's projected release is May 14, 2027. The United States reportedly intends to transfer Hurtado-Ramirez to Mexico.

In accord with the Middle District of Florida's administrative order (Doc. 115 in 3:21-mc-00001-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2), if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by

Amendment 821. USPO submits a memorandum reporting that Hurtado-Ramirez is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces Hurtado-Ramirez's offense level to 29 and reduces Hurtado-Ramirez's advisory sentencing range to 87–108 months. The Federal Defender appears, confirms Hurtado-Ramirez's eligibility for a reduction, and moves unopposed to reduce Hurtado-Ramirez's sentence to 97 months (a sentence approximately at the middle of the reduced advisory sentencing range).

Because USPO's memorandum, Hurtado-Ramirez's motion, USSG's applicable policy statements, and the 18 U.S.C. § 3553(a) factors militate in favor of a reduction, Hurtado-Ramirez's motion (Doc. 163) is **GRANTED**. Hurtado-Ramirez's sentence is reduced to either 97 months or time served, whichever is greater. This order is effective **APRIL 11, 2024**. Hurtado-Ramirez's earlier motion (Doc. 158) for a reduction in sentence is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on April 1, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE